IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-1325-N (BT) |
| | § | |
| FNU LNU, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Jay Williams, a Texas inmate, filed a pleading titled "Invoice 8094" containing mostly indecipherable allegations. ECF No. 3. The filing lists a federal act, website, and statutes, a bible proverb, and several provisions of the Texas Civil Practice and Remedies Code. *See id.* at 1. From what the Court can understand, Williams alleges that "[i]nmates have meterial [sic] evidence proving TREASON committed against TX and U.S.A.[,]" and he seeks millions of dollars in monetary compensation from the Court "to settle debts owed to inmates." *Id.* (emphasis in original). On the envelope in which the pleading was received, Williams also appears to allege that the Department of Justice (DOJ) "is pure evil" on various bases and that "homeland security [is] compromised." *Id.* at 2.

As explained below, Williams's pleading does not establish federal subject matter jurisdiction, so the Court should dismiss his case without prejudice.

**Legal Standards**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" Burciaga v. Deutsche Bank Nat'l Tr. Co., 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties and an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 9 (1983).

But even if there is a claim under the Constitution or federal statutes, the Supreme Court has stated that such suits should be dismissed for want of jurisdiction where the alleged claim "is wholly insubstantial or frivolous." Bell v.

2

*Hood*, 327 U.S. 678, 682-83 (1946). The Fifth Circuit has found a claim is "wholly insubstantial and frivolous" under *Bell* when that "claim has no plausible foundation." *Carmichael v. United Techs. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988) (quoting *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). "Moreover, a court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction when the complaint is 'patently insubstantial, presenting no federal question suitable for decision.'" *Isom v. United States Dep't of Homeland Sec.*, 2021 WL 2232052, at *1-2 (E.D. Tex. Apr. 28, 2021), *rec. accepted* 2021 WL 2224345 (E.D. Tex. June 2, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016)) (quoting, in turn, *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). This includes "bizarre conspiracy theories" and "complaints resting on truly fanciful allegations." *Vasaturo*, 203 F. Supp. 3d at 44.

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While the court liberally construes pleadings by *pro se* plaintiffs, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must

3

presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass*, 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez*, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga*, 871 F.3d at 384 n.4; *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction *sua sponte*).

4

## Analysis

Even construing Williams's pleading liberally, he fails to show that federal law creates his cause of action or that he is asserting a state-law claim implicating significant federal issues. Rather, it is unclear what cause of action, if any, Williams seeks to assert. He does not plead facts from which the Court can reasonably infer federal question jurisdiction. Nor does he establish diversity jurisdiction, as he fails to identify any parties in his lawsuit, much less explicitly allege complete diversity of citizenship.

Finally, Williams's factual allegations—that "[i]nmates have meterial [sic] evidence proving TREASON committed against TX and U.S.A.[,]" and that the DOJ is "pure evil," by which he appears to mean comprised of "treasonous snakes murderers agg. kidnappers human traffickers of our children slavers torturers communists terrorists cowards extreme indifference towards human life embezzlers slanderers. . ."—are devoid of any factual detail to make them plausible and are "truly fanciful allegations" that are frivolous and therefore insufficient to support subject matter jurisdiction. *Compare, e.g.*, *Jackson v. Obama*, 2017 WL 1100450, at *1-2 (S.D. Miss. Feb. 9, 2017) (recommending that case be dismissed for lack of subject matter jurisdiction where plaintiff alleged that she was being recorded, spoken to, harassed, and tortured by former United States President and others), *rec. accepted* 2017 WL 1095062 (S.D. Miss. Mar. 22, 2017); *Isom*, 2021 WL 2232052, at *1-2 (finding the plaintiff's allegations that the Government used and allowed others to use her identity for financial gain, resulting in job loss,

homelessness, home break-ins, and assassination attempts were "truly fanciful factual allegations" that did not support subject matter jurisdiction); *see also* *Smith v. Osborne*, 2019 WL 4383337, at *3 (E.D. Tex. Aug. 18, 2019), *rec. accepted* 2019 WL 4345735 (E.D. Tex. Sept. 12, 2019) (finding that dismissal for lack of subject matter jurisdiction was warranted when the plaintiff alleged the government "developed technology to direct radiation" at his house to "cook" him and his family and used "satellite technology to track their every movement"); *McCastle v. United States*, 2016 WL 7496170, at *2 (E.D. Tex. Nov. 15, 2016), *rec. accepted* 2016 WL 7626595 (E.D. Tex. Dec. 30, 2016) ("Allegations suggesting bizarre conspiracy theories, fantastic government manipulations of their will or mind, and any sort of supernatural interventions are dismissible [for lack of subject matter jurisdiction].") (citing *Best*, 39 F.3d at 330).

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As shown above, the facts as alleged by Williams show a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. But the 14-day statutory objection period (explained below) will allow Williams the chance to proffer facts, if any, that can cure the jurisdictional deficiencies noted above.

## Recommendation

The Court should dismiss Williams's case without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED June 20, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).